ALBERT J. LUEBBERS, PLAINTIFF-APPELLANT, v.
CHARLES J. SCHAAL, DEFENDANT-APPELLEE.

Submitted May term, 1930—Decided September 11, 1930.

Before Justices TRENCHARD and LLOYD.

For the appellant, *Frederic W. Schlosstein.*

For the appellee, *Walter D. Van Riper.*

PER CURIAM.

On petition for that purpose, a rehearing of this matter
was allowed by the court, and on such rehearing the matter
was submitted to the court on briefs.

In its original memorandum dealing with this appeal, the
court inadvertently said that the trial judge gave judgment
for the plaintiff. The court intended to say that the judg-
ment was for the defendant.

The court also said that "there is no specification of causes
for reversal," and for that reason the court concluded that
the judgment should be affirmed.

It is quite true that there was no specification of causes
for reversal laid before the court. But, as pointed out in
the memorandum granting the rehearing, "while it appears
that the state of the case agreed upon by the attorneys of the
respective parties, and printed as the state of the case, did not

contain the specifications of determinations of the District Court, yet such determinations were printed and were submitted under a separate cover and were filed with the clerk of the court within due time, but through inadvertence were not before the court when the case came up for consideration."

In such state of affairs we think we should look at such specifications, in connection with the state of the case.

Looking at them we find that the state of the case discloses that plaintiff sued to recover $500 for breach of a contract entered into between plaintiff and defendant wherein "Charles J. Schaal, Administrator of Estate," acknowledged the receipt from plaintiff of a deposit for the purchase price of property on Mt. Pleasant avenue, West Orange, of the estate of Mr. and Mrs. C. A. Schaal.

The meritorious question presented is whether or not the defendant, who was sued personally, is liable for the damages sustained by reason of the breach of the contract.

The trial judge held that the defendant was not liable, saying that the plaintiff dealt with the administrator at his peril and that the administrator cannot be held liable in an action for damages.

We think that was wrong. The rule seems to be as found in 24 C. J. 739, as follows:

"A contract of an executor or administrator, although made in the interest and for the benefit of the estate, if made upon a new and independent consideration moving between his promisee and himself, is his personal contract, which does not bind the estate, and he must be sued on such contract in his individual and not in his representative capacity. The fact that he is described in the contract as executor or as administrator, does not affect the rule."

In support of this rule cases are cited in many jurisdictions including New Jersey, from which the case of *Sibbit* v. *Lloyd,* 11 *N. J. L.* 163, is cited. Since the application of that rule discloses that the case was decided upon an erroneous principle, a new trial must be awarded.

Accordingly, the judgment of the District Court is reversed, and a new trial awarded. Costs to abide the event.